DRUGGAN *v.* ANDERSON, U. S. MARSHAL, ET AL.

APPEAL FROM THE DISTRICT COURT OF THE UNITED STATES FOR THE NORTHERN DISTRICT OF ILLINOIS.

No. 415. Argued October 5, 6, 1925.—Decided October 19, 1925.

1. Although by the terms of the Eighteenth Amendment the prohibition thereby decreed did not go into force until one year from the ratification (January 16, 1919) of the Article, the amendment itself became effective as a law upon its ratification and empowered Congress thereupon to legislate in anticipation for the enforcement of the prohibition when the year should expire, without awaiting that event. P. 38.

2. A preliminary injunction issued under § 22 of Title II of the Prohibition Act, without the notice required by Equity Rule 73 and the Act of October 15, 1914, is not void. P. 40.

Affirmed.

APPEAL from an order of the District Court dismissing a petition for *habeas corpus.* The imprisonment in question was imposed upon the petitioner for disobedience of an injunction issued under the Prohibition Act.

*Mr. Michael J. Ahern,* with whom *Mr. Thomas D. Nash* was on the briefs, for appellant.

Title II of the National Prohibition Act, is unconstitutional and void. Sections 1, 27, 37 and 38 may be constitutional if they have reference only to Title I of the Act and trace their source of authority to the war powers of Congress. The Eighteenth Amendment did not go into effect or become operative as a part of the Constitution until January 16, 1920. *Dillon* v. *Gloss,* 256 U. S. 368; § 3, Title II, National Prohibition Act; *National Prohibition Cases,* 253 U. S. 350; *Street* v. *Lincoln Safe Deposit Co.,* 254 U. S. 88.

The Government of the United States is a government of limited and defined powers. Congress has power to legislate only where it has constitutional authority to do so. Title II of the National Prohibition Act having been passed October 27, 1919, prior to the time when the Eighteenth Amendment went into effect, was passed without authority derived from the Constitution and is, therefore, unconstitutional.

Section 24 of Title II is an invasion of the judicial power and therefore unconstitutional. The power to punish for contempt is inherent in courts. *Bessette* v. *Conkey Co.,* 194 U. S. 324; *Ex parte Terry,* 128 U. S. 289. Section 24 of Title II limits the discretion of the court in the fixing of penalties and thereby invades the inherent power of the court. *Ex parte Garner,* 179 Cal. 409. Section 24 violates the Sixth Amendment. The injunctional order upon which the judgment is founded is absolutely void, as District Courts are without power, and are expressly prohibited by Equity Rule 73, to grant temporary injunctions without notice.

*Solicitor General Mitchell* and *Mr. Alfred A. Wheat,* Special Assistant to the Attorney General, were on the brief, for appellees.

MR. JUSTICE HOLMES delivered the opinion of the Court.

This is an appeal from an order dismissing a petition for a writ of *habeas corpus* on demurrer. The petitioner is imprisoned for contempt in disobeying a temporary injunction issued under Section 22 of Title II of the National Prohibition Act; October 28, 1919, c. 85; 41 Stat. 305, 315. The bill upon which the injunction was issued alleged the existence of a public nuisance used for the manufacture, sale, &c., of intoxicating liquor, and charged that the petitioner among others was conducting the business. An injunction was ordered, *pendente lite.* Subsequently an information was filed against the petitioner and others for contempt and the petitioner was sentenced to a fine and to imprisonment for one year. He was committed to jail on November 11, 1924. The main ground for the present petition is that Title II of the Act, with immaterial exceptions, is unconstitutional because it was enacted before Amendment XVIII of the Constitution went into effect. The Amendment prohibits the manufacture, sale, &c., of intoxicating liquors for beverage purposes, ' after one year from the ratification of this article'. The date of the ratification is fixed as January 16, 1919, *Dillon* v. *Gloss,* 256 U. S. 368, 376, and the National Prohibition Act was passed on October 28, 1919 before a year from the ratification had expired. It is said that the prohibition is the Amendment; that until there is a prohibition there is no Amendment, and that without the Amendment the Act of Congress, although it was not to go into effect until after the Amendment did, Title II, § 3, was unauthorized and void.

We will give a few words to this argument notwithstanding the difficulties in the way of proceeding by *habeas corpus* in a case like this, *Howat* v. *Kansas,* 258 U. S. 181, 189, 190; *Craig* v. *Hecht,* 263 U. S. 255, and notwithstanding the fact that the validity of the statutes has been supposed to have been established heretofore.—It is

not correct to say that the Amendment did not exist until its prohibition went into effect; in other words that there was no Amendment until January 16, 1920, although one had been ratified a year before. The moment that the Amendment was ratified it became effective as a law. The operation of its words a year later depended wholly upon what had happened on or before January 16, 1919. Nothing happened after that date except the lapse of time. This distinction is maintained by the language of the Amendment, which is not that the Amendment shall go into operation a year after it is ratified but that the acts against which it is directed are prohibited after that time, although we attach no other importance to the precise form of words used than that of showing an accurate instinct in those who drew it. Whichever form was used, the world had notice of it, and we apprehend that there would be little difficulty in holding void a contract made in July, 1919, and contemplating performance in disregard of the prohibition in July, 1920. Every dogmatic statement of the law is prophetic of what will happen in a certain event. There is no more reason why the Constitution should not give the warning for the next year than there is for its not giving it for the next moment. We have no doubt of the authority of Congress to pass the law. *Barbour* v. *Georgia,* 249 U. S. 454. *Diamond Glue Co.* v. *United States Glue Co.,* 187 U. S. 611, 615, 616. Indeed it would be going far to say that while the fate of the Amendment was uncertain Congress could not have passed a law in aid of it, conditioned upon the ratification taking place.

A shorter answer to the whole matter is that the grant of power to Congress is a present grant and that no reason has been suggested why the Constitution may not give Congress a present power to enact laws intended to carry out constitutional provisions for the future when the time comes for them to take effect.

It is argued that the preliminary injunction was void for want of the notice required by Equity Rule 73 and the Act of October 15, 1914, c. 323, § 17; 38 Stat. 730, 737. The statute provides that if it is made to appear. that the nuisance exists, a temporary injunction shall issue forthwith. § 22. In view of the drastic policy of the Amendment and the statute, we see no reason why the words should not be taken literally, to mean what they say. *McFarland* v. *United States,* 295 Fed. 648. But if notice were required the injunction could not be disregarded as void. *Howat* v. *Kansas, supra.*

We think the case too clear for extended discussion, but it seemed worth while to say what we have said in explanation of our judgment, although we did not think it necessary to hear the other side.

*Judgment affirmed.*