### UNITED STATES v. MANDELBAUM'S RESTAURANT et al.

### SAME v. GORINI'S RESTAURANT.

District Court, S. D. New York. February 24, 1927.

1. Intoxicating liquors ⬥273—Motion to vacate temporary liquor nuisance injunction supported by affidavits denying knowledge of sales, will be granted, where government's affidavits were merely on information (National Prohibition Act, tit. 2, § 22 [27 USCA § 34]).

Motion to vacate temporary injunction against manufacture, sale, and barter of intoxicating liquor on defendant's premises, issued under National Prohibition Act, tit. 2, § 22 (27 USCA § 34), will be granted, where affidavits supporting injunction merely show that place involved is a restaurant, and that government agents, whose identity is not disclosed, gave information to government that on two days within a single week sales of whisky occurred on the premises, and defendant's affidavits denied knowledge of participation in the sales by those engaged in the restaurant business, and that he conducts a reputable business, and that his employees are under strict orders not to sell liquor.

2. Intoxicating liquors ⬥273—On motion to vacate temporary injunction, facts showing liquor nuisance should be stated with sufficient specification to demand specific denial (National Prohibition Act, tit. 2, § 22 [27 USCA § 34]).

On motion to vacate temporary injunction against liquor nuisance, issued under National Prohibition Act, tit. 2, § 22 (27 USCA § 34), facts showing existence of nuisance should be stated with sufficient specification to demand a specific denial, and generalities, when denied, must be disregarded, particularly when verification is on information received from unknown informants, not shown to have had any personal knowledge of facts alleged.

Proceeding by the United States against Mandelbaum's Restaurant and others to abate a liquor nuisance. On motion by defendant Israel Mandelbaum to vacate preliminary injunction, which enjoins him from manufacturing, selling, and bartering intoxicating liquor on the premises described in the complaint, and therein alleged to be used and intended as a place where intoxicating liquor is sold, bartered, manufactured, and kept for sale for beverage purposes. Motion granted.

Companion motion in United States against Gorini's Restaurant granted.

Emory R. Buckner, U. S. Atty., of New York City (Lowell Wadmond, of Brooklyn, N. Y., and Arthur H. Schwartz, of New York City, of counsel), for the United States.

M. Michael Edelstein, of New York City, for defendants.

THACHER, District Judge. The preliminary injunction herein was issued without notice to the defendants, upon the showing made by the bill of complaint and a supporting affidavit of the assistant United States attorney in charge of the prosecution of the suit. The allegations in the bill of complaint and in the supporting affidavit are all upon information and belief, the sources of information and grounds of belief in each case being stated to be official statements and reports made to the assistant United States attorney by agents of the Bureau of Internal Revenue, or other officials or employees of the United States of America, whose identity the affidavit states it is inexpedient to disclose for reasons of public policy. It is not shown that the informants claimed to have had personal knowledge of any fact alleged. Upon such information it is alleged in the complaint that the business conducted upon the premises is that of a restaurant, of which I. Mandelbaum and H. A. Mandelbaum are the proprietors, conducting the business under the trade name and style of "Mandelbaum's Restaurant." The defendant Israel Mandelbaum is alleged to be the owner of the real estate.

From the supporting affidavit, upon similar information, it appears that on October 29, 1926, and on November 4, 1926, certain quantities of whisky were sold on the premises. The circumstances under which these sales were made do not appear. In other respects the affidavit adds nothing to the very general allegations of the complaint, which, following the language of the statute, asserts that intoxicating liquor is presently being sold, bartered, manufactured, and kept for sale for beverage purposes, and that defendants other than the landlord have solicited and taken and accepted, and are now soliciting, taking, and accepting, orders for the sale of and are selling intoxicating liquor for beverage purposes, in violation of the provisions of the National Prohibition Act (27 USCA).

[1] The grounds of the motion to vacate are in substance that the injunction was issued without notice and upon papers insufficient to show the existence of a nuisance. The first ground is untenable. Druggan v. Anderson, 269 U. S. 36, 46 S. Ct. 14, 70 L. Ed. 151; McFarland v. U. S. (C. C. A.) 295 F. 648. Section 22 of title 2 of the National Prohibition Act (41 Stat. 314 [27 USCA § 34; Comp. Stat. § 10138½k]) contains this provision:

"If it is made to appear by affidavits or otherwise, to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial. If a temporary injunction is prayed for, the court may issue an order restraining the defendant and all other persons from removing or in any way interfering with the liquor or fixtures, or other things used in connection with the violation of this act constituting such nuisance. No bond shall be required in instituting such proceedings."

The fact of which the court must be satisfied, by affidavits or otherwise, is that a nuisance exists; that is to say, that intoxicating liquor is manufactured, sold, kept, or bartered on the premises. Here the only showing of fact is that the place is a restaurant, and that the government has information that upon two days within a single week sales of whisky occurred on the premises. I am not disposed to dissent from the view entertained by Judge Bondy that these facts were sufficient to warrant the issue of the temporary injunction. For present purposes it is enough that he was satisfied to issue the order. But upon this motion to vacate the order the defendant denies knowledge of all participation in the sales by those engaged in the restaurant business, and further shows that he conducts a reputable business, and that his employees are under strict orders not to sell liquor. The allegations of the bill are denied by positive denial, and the character of the business is shown by affidavit.

Perhaps these denials, even supported as they are by the defendant's affidavit, would not prevail, had the government submitted affidavits based upon knowledge and setting forth the circumstances under which the sales occurred, either when the application was made to Judge Bondy or in opposition to this motion. But this the government has not seen fit to do, and I must decide the motion upon the papers presented. The case for the government presented upon the original motion and upon this motion was miserably weak, and if barely sufficient to stand upon the original application in the absence of denial, it is, I believe, utterly insufficient to stand in the face of the defendant's veri-

fied denials presented upon this motion. Since it is the duty of the court to be satisfied that a nuisance exists, facts and circumstances should be disclosed from which the existence of a nuisance may be rationally inferred.

[2] Furthermore, upon a motion to vacate, such facts and circumstances should be stated with sufficient specification to demand specific denial by the person or persons concerned in the illegal act. Generalities can always be easily met, and, when denied, must be disregarded. Especially is this so when the only verification is upon information received from unknown informants, not shown to have had any personal knowledge of the meager facts alleged. The motion to vacate is granted.

In a companion motion, in United States v. Gorini's Restaurant, the facts are substantially the same as those involved here, and the same disposition of that motion will be made.