## UNITED STATES v. SHEIDE et al.
### No. 5728.

District Court, E. D. New York.
Dec. 21, 1931.

Howard W. Ameli, U. S. Atty., of Brooklyn, N. Y. (F. F. Giles, of Brooklyn, N. Y., of counsel), for the United States.

Arthur A. Kestler, of Brooklyn, N. Y., for defendants.

BYERS, District Judge.

Motion for an order vacating and setting aside the temporary injunction granted herein on October 28, 1931. The motion is based upon an affidavit of the defendant Sheide, verified November 20, 1931, which avers that the said injunction was granted without notice—which is true—and that, although the three defendants were arrested on October 10, 1931, no hearing has been held before a United States commissioner; that defendant Doreck was never charged with possession, but was charged with transportation, as was Sheide; that the latter and Junge were charged, in another proceeding, with possession.

That the defendants are advised that they have a good defense "on the merits in these proceedings." (Whether the foregoing applies to the criminal proceedings just recited, or to this proceeding in equity, is not clear.)

That the issuance of this writ ex parte in the absence of a determination of the existence of a nuisance, or of a conviction in the criminal proceedings, is unwarranted, unjust and inequitable, because there has been no jury trial, which is requisite, constitutionally. Wherefore the injunction is sought to be quashed.

The latter restrains the defendants from conducting or permitting the continuance of a common nuisance, as defined in title 27, U. S. C., § 33 (27 USCA § 33), upon premises known as the Club Plaza which is described, until final hearing; and from removing or interfering with the liquor or fixtures or other things used in connection with the violation of the Prohibition Law constituting such nuisance. The motion was argued on November 30, 1931, and the defendants' brief was filed on December 15, 1931.

Viewed closely, the motion probably tests only the power of the court to issue the injunction. This must be determined by the allegations in the affidavits upon which it was granted.

Title 27, U. S. C. § 34 (27 USCA § 34), contemplates the granting of such process: " * * * If it is made to appear by affidavits or otherwise, to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue, restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial. * * *"

The elements of a nuisance, according to the next previous provision of the law, are: "Any room, house, building, * * * or place where intoxicating liquor is manufactured, sold, kept, or bartered in violation of this chapter * * *."

The affidavit upon which the injunction was granted is that of a prohibition agent (Ellis), verified October 26, 1931, and the allegations are: That, on October 10, 1931, he saw three men removing several unlabeled kegs of beer (alcoholic content 4.84) from the cellar of the Club Plaza, and that these kegs were loaded on a Ford truck, from which they were delivered to Sunrise Restaurant (location given). That the defendant Sheide admitted ownership of the truck and the Club Plaza. That the cellar of the latter was entered with the defendant Sheide's acquiescence, and 102 kegs containing 4.31 beer were found, and two kegs "on tap in an ice box." That Sheide and Junge (a cook) were arrested, charged with possession.

The agent Von Bodo swears, in a separate affidavit, that Ellis' affidavit is true; and an assistant United States attorney swears that suit has been commenced against the Club

Plaza, for an injunction based upon the foregoing facts.

The point made at argument was that keeping intoxicating liquor at a given place, without evidence of sale, is not sufficient to justify the issuance of an injunction.

To this it may be answered, first, that possession not in one's private dwelling is declared by this statute to be prima facie evidence that it is kept for the purpose of being sold (title 27, U. S. C. § 50 [27 USCA § 50]). Second, that the facts related in the Ellis affidavit are quite consistent with a sale of beer to the proprietor of the Sunrise Restaurant, pursuant to which the delivery was made on October 10, 1931.

The issues herein have been somewhat fully stated, in order that the difference between this case and that of U. S. v. Mandelbaum's Restaurant (D. C.) 22 F.(2d) 686, may be clearly revealed.

The suggestion in the moving affidavit, concerning the defendant's constitutional right to a jury trial, is not briefed, and is deemed to have been abandoned, for the obvious reason that the temporary injunction is but in aid of the final decree in an equity proceeding in which no jury is required. Duignan v. U. S., 274 U. S. 195, 47 S. Ct. 566, 71 L. Ed. 996.

Singer v. U. S. (C. C. A.) 288 F. 695 (erroneously stated to be in 286 F.) is cited by the defendants. This is a criminal case in which the defendant's conviction on the charge of maintaining a nuisance was affirmed.

Defendants also cite U. S. v. Brown, 268 F. 420, by which it will be assumed that U. S. v. Cohen (D. C.) is intended. In that case, a helpful discussion is to be found as to the requirement for showing recurrence of violation, habitual sales, etc., in order to make out the existence of such a nuisance as the statute intends to enjoin; and the necessity for adequately pleading such. The bill in that case was dismissed. The bill in this proceeding is not now presented for consideration.

The only question here in issue is the extent to which the affidavit upon which the temporary injunction was issued met the requirements of the statute, and a careful consideration of its averments, upon this motion, has not resulted in bringing to light such deficiencies as seem to require the granting of the motion to vacate.

Motion denied. Submit order.