## UNITED STATES v. RUTHERFORD et al.
### No. 2596.

District Court, M. D. Pennsylvania.
July 14, 1932.

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

Paul G. Adams, of Lebanon, Pa., for defendants.

JOHNSON, District Judge.

On December 3, 1930, the United States of America filed a statement of claim in assumpsit averring that one of the defendants, W. E. Rutherford, was charged in the District Court of the United States for the Eastern District of North Carolina with having violated section 1704 of the Postal Laws and Regulations of the United States of America; that the said W. E. Rutherford was apprehended in this district and taken before a United States commissioner, where he entered into a recognizance, with F. Allen Rutherford, as surety, in the sum of $5,000, conditioned to appear before a United States commissioner on December 17, 1928, to answer to the removal charges pending in this district; that the defendant failed to appear on the date for hearing and has never appeared, nor has his bondsman ever produced him; and that the United States commissioner therefore forfeited the recognizance.

F. Allen Rutherford filed his answer or affidavit of defense to the statement of claim on January 19, 1931, setting forth as matters of defense that the amount of the bond was excessive; that the bond was illegal and void for the reason that it should have been conditioned for the appearance of the defendant W. E. Rutherford before a United States commissioner in the Eastern District of North Carolina instead of Pennsylvania; that he has paid all costs, damages, and expenses incurred by reason of the offense; that his brother, W. E. Rutherford, is non compos mentis and therefore not responsible for his actions; that he has made every effort to locate the defendant through the assistance of local and state police, but has been unsuccessful.

The United States attorney filed exceptions to the answer or affidavit of defense and entered a rule for judgment for want of a sufficient affidavit of defense. The issue raised was set down for hearing on April 13, 1931, and, after notice, the defendant not appearing in person or by his counsel, the rule was made absolute. On April 25, 1931, counsel for the defendant presented a petition to reopen the case and permit him to be heard. The petition was granted and argument heard on the motion for judgment for want of a sufficient affidavit of defense.

Section 601, title 18, USCA, provides as follows: "When any recognizance in a criminal cause, taken for, or in, or returnable to, any court of the United States, is forfeited by a breach of the condition thereof, such court may, in its discretion, remit the whole or a part of the penalty, whenever it appears to the court that there has been no willful default of the party, and that a trial can, notwithstanding, be had in the cause, and that public justice does not otherwise require the same penalty to be enforced."

Under the statute and decisions thereunder two conditions must affirmatively appear to give this court jurisdiction to remit forfeitures: First, that "there has been no willful default of the party"; and, secondly "that a trial can, notwithstanding, be had in the cause." Fidelity & Deposit Co. of Maryland v. United States (C. C. A.) 293 F. 575, 576.

In the answer filed by F. Allen Rutherford it appears that the defendant in the criminal proceedings has never been apprehended and a trial cannot be had in the cause. The second condition required by the statute has not been met in the answer, and this court, therefore, has no discretion in the matter.

And now, July 14, 1932, the rule heretofore entered for judgment for want of a sufficient affidavit of defense is hereby made absolute.