**UNITED STATES v. GIBSON et al.\***
No. 1999.

District Court, M. D. North Carolina, Greens-
boro Division.
Dec. 6, 1933.

\*Judgment affirmed U. S. v. Chambers, 54 S. Ct. 434.

154

J. R. McCrary, U. S. Atty., of Greensboro, N. C., for the United States.

Z. I. Walser and Silas B. Casey, both of High Point, N. C., for defendants.

HAYES, District Judge.

Amendment 18 of the Constitution of the United States was a grant of power to the federal government prohibiting the manufacture, sale, etc., of intoxicating liquor for beverage purposes. The National Prohibition Act and the amendments (27 USCA § 1 et seq.) thereto were enacted by Congress under the power granted to it through the amendment. Druggan v. Anderson, 269 U. S. 36, 46 S. Ct. 14, 70 L. Ed. 151. Congress, of course, can exercise no power except such as is delegated to it by the Constitution. In the absence of the amendment, the act would have no constitutional authority upon which to rest; such a law would be unconstitutional and void. Marbury v. Madison, 1 Cranch (5 U. S.) 137, 2 L. Ed. 60.

On December 5, 1933, the President of the United States and the Secretary of State proclaimed the adoption of Amendment 21. By it Amendment 18 is repealed without reservation or limitation.

Amendment 21 became effective as law immediately upon its ratification—an amendment to the Constitution becomes a part of it the instant it is ratified. Druggan v. Anderson, supra. The operation and effect of the United States Constitution and Amendments thereto are not construed by rules governing statutes and state Constitutions. Our system of government makes the Federal Constitution the paramount law of the land. Congress, the Legislatures of the several states, the executive and judicial departments, and the people are bound by its provisions. The extent of its powers is to be determined by its existing provisions. The powers are effective only while they remain in the Constitution. "The people made the constitution, and the people can unmake it. It is the creature of their will, and lives only by their will." Cohens v. Virginia, 6 Wheat. (19 U. S.) 264, 387, 5 L. Ed. 257.

The delegated powers of Amendment 18 are effective only during the retention of the Amendment. Acts of Congress in keeping with those powers are valid only during the life of the Amendment. If the Acts of Congress must be within the powers authorized by the provisions of the Constitution, an act cannot survive as law when the constitutional power authorizing it is eliminated. If the National Prohibition Act is still in force, Amendment 21 is denied immediate effect; it is postponed until all violations of the Prohibition Act, occurring before December 5, 1933, are finally disposed of by the courts. Thus the two amendments would exist at the same time, notwithstanding that one repeals the other. The people granted the powers enumerated in Amendment 18, but they revoked those powers by Amendment 21. The revocation occurred when the repeal was ratified. It was not repealed in part, but it was repealed in its entirety. When the proposal was offered in Congress, various efforts were made to salvage some portions of the Amendment, but the final form of section 1 was outright repeal, and section 2 is really a new grant of power.

It follows that legislative acts existing only by virtue of the Amendment became inoperative when the power itself was withdrawn by the repeal of the Amendment. Repeal of the National Prohibition Act by Congress is not necessary for the law has no power to function without constitutional sanction. This construction gives full force and effect to the Amendment during the period it was a part of the Constitution.

We have at least one instance of the withdrawal from the Federal Constitution of the power hitherto granted under it, and an opinion rendered by the United States Supreme Court in respect to the effect of such withdrawal. The decision of the court in the case of Chisholm v. Georgia, 2 Dall. page 419, 1 L. Ed. 440, produced a proposal in Congress for amending the Constitution, which later became Amendment 11, as follows: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State or by Citizens or Subjects of any Foreign State." Prior to the adoption of this amendment, the power existed under the Constitution conferring jurisdiction upon the United States court to try such actions. In Hollingsworth v. Virginia, 3 Dall. (3 U. S.) 378, at page 382, 1 L. Ed. 644, the proposition was presented to the United States Supreme Court to determine whether the adoption of the Amendment deprived the court of jurisdiction to determine pending litigation. Argument in this case, on behalf of the plaintiff,

was to the effect that the Amendment should not be construed to interfere with pending litigation; that the Amendment should not be given retrospective effect and thus withdraw jurisdiction in pending litigation; that it should follow rules of construction applicable to statutes or laws generally against such retrospective effect. The Attorney General, in behalf of the defendant, contended that the moment Amendment 11 became a part of the Constitution, it thereupon deprived the United States court of any power, whatever, to deal with litigation whether pending, or having arisen in the past, or to arise in the future. The case was disposed of in the following manner: "The Court, on the day succeeding the argument, delivered a unanimous opinion, that the amendment being constitutionally adopted, there could not be exercised any jurisdiction, in any case, past or future, in which a state was sued by the citizens of another state, or by citizens or subjects of any foreign state."

■ By analogy, although the principle appears the same, it seems perfectly clear that when Amendment 18 was repealed by the adoption of Amendment 21, all power delegated by Amendment 18 ceased; that any legislation enacted pursuant to it terminated the moment the amendment was repealed. It, therefore, follows that the National Prohibition law has become obsolete, and the power, previously conferred upon the courts, to hear and determine cases, involving the violation of that law, has been effectually withdrawn from the courts, and they are, accordingly, without any power, whatever, to proceed to trial or to impose sentences for the violation of a law no longer existing.

■ It is contended by the United States Attorney that the court still retains jurisdiction to hear and impose sentences upon convictions for a violation of the law which occurred prior to the repeal of the amendment. Chiefly, he relies upon section 29, title 1, of the USCA, Revised Statutes, § 13, Act of 1871 (16 Stat. 432), by which it is provided that a repeal of a criminal statute, in the absence of language expressing a contrary intention, shall not deprive the courts of the power to convict and punish in violations which occurred before the repeal of such criminal statute. The court is of the opinion that this statute has no application to the point presented here. The Prohibition Act is not terminated by any Act of Congress; it becomes obsolete without repeal, and, therefore, the point is not presented of a repeal by an Act of Congress, bringing it within the construction of this statute. In the second place, that section is one of construction, binding upon the courts in those cases, only, where Congress still retains the power to continue the criminal statute, or to alter, or amend it, and, in no aspect of it, as this court sees it, can such a statute operate to prolong the life of Amendment 18, which the people themselves saw fit to terminate by repeal.

■ At common law, when a criminal statute was repealed, the courts had no power to inflict punishment against those who violated the law while it was in existence. A repeal operated to grant amnesty to the former violators. The rule was universally recognized "that no proceeding can be had or pursued under a repeal act of Parliament, though begun before the repeal, unless by special exception." Wm. Bl. 451. And by Hale P. C., 291, "that when an offense is made treason or felony by an act of Parliament, and then that act is repealed, the offense committed before such repeal and the proceedings thereupon are discharged by such repeal."

■ The repeal of a statute pending a prosecution for an offense which it creates arrests the prosecution and withdraws all authority to pronounce judgment, even after conviction. State v. Williams, 97 N. C. 455, 2 S. E. 55. The principle was recognized in all the states. 16 Corpus Juris, 71.

■ An indictment cannot be sustained, under a statute which has been repealed, without any saving clause. United States v. Passmore, 4 Dall. 372, 1 L. Ed. 871, Fed. Cas. No. 16,005. On repeal by an Act of Congress, all proceedings taken under it fall. "There can be no legal conviction, nor any valid judgment pronounced upon conviction, unless the law creating the offense be at the time in existence." United States v. Tynen, 11 Wall. (78 U. S.) 88, 95, 20 L. Ed. 153.

■ When the people saw fit to repeal the amendment, they could have extended its operation until every violator of the law, while it was in existence, had been brought to judgment and punished. But, for reasons satisfactory to Congress, it proposed Amendment 21, and thirty-six states have ratified it, without any such reservation or limitation, and the withdrawal of the Amendment leaves Congress where it was before the Amendment became a part of the Constitution, except section 2 of Amendment 21. This section does not empower Congress to prohibit the manufacture and sale of liquor, but prohibits the transportation or importation of beverage liquors into a state, in violation of its laws,

156

for use therein. Hence, the Federal Prohibition law can derive no vitality except such as is sanctioned through Amendment 18, and now, that the Amendment is repealed, the law itself is inoperative and the court is without power to deal with any one for its violation.

To adopt any other construction would result in prolonging the life of the Amendment, and the laws existing thereunder, until every violator could be brought to justice and tried, thereby giving effect to the Amendment and the National Prohibition Act long after the Amendment had been repealed and after the Prohibition Act itself had become obsolete. Moreover, it is difficult to see any advantage that could accrue in the administration of justice by the trial, conviction, and punishment of citizens for violating a law that no longer exists. When a law has been terminated by the solemn act of the people, in the manner of the repeal of Amendment 18, the courts would, in my opinion, be engaged in an unwarranted procedure if they undertake to deprive citizens of their liberty in the name of such a law.