## UNITED STATES v. SMITH.
### No. 10595.

District Court, W. D. Oklahoma.

Dec. 9, 1933.

D. E. Hodges, Asst. U. S. Dist. Atty, of Oklahoma City, Okl.

Bynum & Egnew, of Oklahoma City, Okl., and Alvin L. Egnew, of Oklahoma City, Okl., for defendant.

VAUGHT, District Judge.

This matter comes on upon the application of the defendant, Bert Smith, for a writ of habeas corpus, and in his application for a writ alleges that the defendant is now held in the county jail of Oklahoma county under an indictment returned December 6, 1933, for violation of the National Prohibition Act (27 USCA § 1 et seq.), and asserts that, since the Eighteenth Amendment, under which the National Prohibition law was enacted, was repealed on the 5th day of December, 1933, said defendant is being held unlawfully, and prays, therefore, for his discharge.

The government admits that the indictment was returned under the National Prohibition Act on the 6th day of December, 1933, and that the Eighteenth Amendment was repealed, and said repeal was effective on the 5th day of December, 1933.

The question is whether or not the repeal of the constitutional amendment, which deprives Congress of any power to legislate in regard to this matter is stronger than a mere repeal by a legislative body which, at the time of the repeal, still has the power to re-enact the very act which was repealed by the legislative act. That is the only question involved in the case.

The opinion in U. S. v. Tynen, 11 Wall. (78 U. S.) 88, 95, 20 L. Ed. 153, is very positive and is as follows: "There can be no legal conviction, nor any valid judgment pronounced upon conviction, unless the law creating the offence be at the time in existence." In other words the Supreme Court of the United States in the Tynen Case held that, at the time of the trial or sentence in a criminal case, the law itself must be in effect before the court would have jurisdiction to either try or sentence the offender.

Then follows section 13 of the Revised Statutes, which is section 29 of title 1 USCA: "The repeal of any statute shall not have the effect to release or extinguish any penalty, forfeiture, or liability incurred under such statute, unless the repealing Act shall so expressly provide, and such statute shall be treated as still remaining in force for the purpose of sustaining any proper action or prosecution for the enforcement of such penalty, forfeiture, or liability."

Now that statute has been construed in the case of the United States v. Reisinger, 128 U. S. 398, 9 S. Ct. 99, 101, 32 L. Ed. 480, quoting from the body of the opinion:

"That the legislature intended that this thirteenth section [1 USCA § 29] should apply to all offenses is shown by section 5598, Rev. St., under the title of 'Repealed Provisions,' which is as follows: 'All offenses committed, and all penalties or forfeitures incurred, under any statute embraced in said revision prior to said repeal, may be prosecuted and punished in the same manner and with the same effect as if said repeal had not been made.'

"It was the obvious intention of section 13, Rev. St. [1 USCA § 29], to extend this provision to the repeal of any statute not embraced in such revision."

We are confronted in this matter with the effect of repeal of the constitutional power granted to Congress and legislation thereunder. At the time the National Prohibition Act was enacted, Congress had power to enact that law, and, had it desired to repeal that law, it would have had the power to have inserted a clause which would have nullified the effect of immediate repeal in any manner it desired. I think section 29, title 1, USCA, which has been referred to, would be effective as against any repeal by Congress itself. If Congress repealed a criminal statute without a saving clause, there is not any question but that section 29 would apply, but we are now confronted with another proposition. The National Prohibition Act in its entirety was enacted by virtue of the power of the Eighteenth Amendment. At the time this indictment was returned on the 6th of December, there was no Eighteenth Amendment, because it had been superseded by the Twenty-First Amendment, which repealed the Eighteenth Amendment.

The question is, What power did Congress have at that time, that is, on the 5th of December, after the 36 states had voted to repeal the Eighteenth Amendment? At the time this indictment was returned, the proclamation of the President had been issued, which would not be legally necessary to effect the repeal. The repeal of the Eighteenth Amendment deprives Congress of all power to legislate on that question. In other words, after the repeal of the Eighteenth Amendment, Congress had no power to say that one could be punished for the sale, possession, transportation, or manufacture of intoxicating liquor, except as provided under the Revenue Act. Now if Congress had no such power, is any part of this law in effect? If it were merely a repeal by Congress, Congress would have the same power now that it had when the act was first enacted.

I have given this question considerable study the last few weeks, and I have reached the conclusion that the repeal of the Eighteenth Amendment, not only deprives the court of jurisdiction to try a case in which the offense was committed prior to the date of repeal, but to do any act; that is, to sentence for the offense committed prior thereto, even though there had been a trial or plea of guilty prior to that time. Of course, if there had been a trial and a sentence, and the work of the court had been completed, that would be another matter. However, in this case, I feel that the writ should be granted, and I am doing this rather as a test case in the hope that, before the court is called upon to pass upon any other questions, either there shall be some ruling by the Department of Justice which will control the acts of the district attorney in the further prosecution of these matters, or that some case may be determined by a court having jurisdiction.