## UNITED STATES v. MUNLEVITCH et al.

### SAME v. WRIGHT et al.

Nos. 3052, 3053.

District Court, M. D. Pennsylvania.
March 24, 1934.

Andrew B. Dunsmore, of Wellsboro, Pa., for the United States.

Abram Salsburg, of Wilkes-Barre, Pa., for defendants.

JOHNSON, District Judge.

This is a consolidated petition by the surety to remit forfeitures of recognizances in the cases of the United States v. Munlevitch and United States v. Wright. The facts in the two cases are fully set forth in an opinion filed by this court on July 28, 1933, and reported as United States v. Munlevitch et al., 4 F. Supp. 171.

On September 28, 1933, subsequent to the opinion rendered by this court, Michael Gower, the surety, filed a verified petition to remit the forfeitures. No answer was filed to this petition and the facts therein set forth must be taken as true. The petition in substance sets forth that both defendants appeared during the March, 1931, term of this court held at Scranton, Pa., and at the June, 1931, term held at Williamsport, Pa., but that the cases were continued each time, the second time over the objections of the defendants; that the defendants did not appear at the January, 1932, term because they believed the cases would not be tried and left this section of the country in search of employment; that the failure of the defendants to appear was not willful; that the defendant John Munlevitch is now confined in the Insane Asylum at Danville, Pa.; and that the defendant Jack Wright is prepared to answer the charges. It appears that the defendant Jack Wright later appeared in court and was sentenced.

In United States v. Munlevitch et al., 4 F. Supp. 171, 172, this court held under the provisions of 18 USCA § 601, that "two conditions must affirmatively appear to give this court jurisdiction to remit forfeitures: First, that there has been no willful forfeiture by the party; and, secondly, that a trial can, notwithstanding, be had in the cause. From the pleadings it appears that the defendants in the criminal proceedings have not been apprehended and the trial cannot be had. The second condition required by the statute has not been met and this court, therefore, cannot remit the forfeiture." Since this opinion was rendered, the second condition required by the statute has been met in the case of Jack Wright, as he appeared before this court and was sentenced.

In the case of Munlevitch, the second condition required by the statute has been made impossible by an act of God (defendant's insanity) and by an act of law [repeal of the Eighteenth Amendment; United States v. Gibson et al. (D. C.) 5 F. Supp. 153, which deprives the court of jurisdiction to try the defendant; United States v. Borke (D. C.) 5 F. Supp. 429; United States v. Smith (D. C.) 5 F. Supp. 470; United States v. Chambers et al., 54 S. Ct. 434, 78 L. Ed. ——], neither of which acts should prejudice the defendant. The provisions of 18 USCA § 601 are highly remedial and are to be liberally construed; U. S. v. Smoller (D. C.) 275 F. 1011; U. S. v. Jenkins (C. C. A.) 176 F. 672, 20 Ann. Cas. 1255, and the condition "that a trial can, notwithstanding, be had in the cause" should militate against the "party" only when the trial is prevented by his acts, and not when the fault is beyond his control. Since it appears that Munlevitch's failure to appear was not willful; that he has been apprehended; that he has done nothing to prevent the trial which if had would result in his dismissal; and since it is not the object of a recognizance to enrich the treasury, "public justice does not otherwise require the same penalty to be enforced."

Notwithstanding judgment has been entered, this court can remit forfeitures, even at a later term than the one wherein judgment was entered. U. S. v. Jenkins et al. (C. C. A.) 176 F. 672, 20 Ann. Cas. 1255; U. S. v. Traynor (D. C.) 173 F. 114. Without doubt, the forfeiture in the Wright case should now be remitted. As to the forfeiture in the Munlevitch case, the court suggests that a nolle prosequi be entered by the United States Attorney upon which the court may make a formal order, remitting the forfeiture; this will virtually amount to a final trial or disposition of the case.

And now, March 24, 1934, the rule to show cause why the forfeiture of the recognizance in the case of United States v. Jack Wright and Michael Gower should not be remitted is made absolute, but judgment is to remain until all costs are paid.