STATE ex RODOCKER v SCHROY et

Ohio Common Pleas, Summit Co

Decided December 30, 1937

Stanley Denlinger, Akron, for plaintiff.

Wade De Woody, director of law, and Harold L. Mull, asst. director of law, Akron, for defendants.

OPINION

By WATTERS, J.

The relator was in the employ of the city of Akron in the same capacity for more than three years next preceding the election day of November 2, 1937.

Under the amendment to the charter, he would have been automatically under the classified branch of the civil service, subject to removal only upon charges being filed, etc.

The question for decision is, When did the amendment voted upon favorably by the people on November 2, 1937, take effect?

Chronologically the events are as follows:

(1) On November 2, 1937, the voters of Akron "adopted" or "approved" the charter amendment by a vote of 30,988 to 24,331.

(2) The unofficial result of the vote, as tabulated by the local board of elections, and which differed only slightly from the foregoing official figures was made known the morning of the next day, November 3, 1937.

(3) November 7, 1937, (Sunday), the relator was notified personally by letter that he had been dismissed, effective Saturday, November 6, 1937, due to financial reasons.

(4) Late in the day, November 9, 1937, the board completed the official count, which was given to the newspapers—but too late for publication that day.

(5) The official count was publicly announced November 10, 1937.

The city of Akron adopted the Home Rule or charter form of government at the election held on November 5, 1918, upon vote of the people. The power to do so was derived from Article XVIII, §7, of the Ohio constitution.

Article XVIII, §9, provides for the amendment of a city charter, and is in part as follows:

162

"If any such amendment is approved by a majority of the electors voting thereon, it shall become a part of the charter of the municipality." (Emphasis mine).

Article XVI, §1, of the Ohio constitution, provides that amendments to the constitution shall be submitted to the electors and "If the majority of the electors voting on the same shall adopt such amendments the same shall become a part of the constitution." (Emphasis mine).

Article V of the United States constitution, concerning the effective date of proposed amendments to that document, provides that such amendments—

"* * * shall be valid to all intents and purposes as part of this constitution, when ratified by the legislatures of three-fourths of the several states, or by conventions in three-fourths thereof * * *."

The moment an amendment to the Constitution is ratified, it becomes effective as law. Dillon v Gloss, 256 U. S. 368; Druggan v Anderson, 269 U. S. 36.

Section 136 of the Akron city charter provides in part as to "amendment" as follows:

"If such proposed amendment be approved by a majority of the electors voting thereon, it shall become a part of the charter at the time fixed therein; and if no time be fixed therein, then it shall become a part of the charter when the results of the official canvass of such election are announced."

To the effect that it is proper to fix a certain time for the amendment to be effective, providing the time is specified in the proposal submitted to the voters, we find the following cases: Dillon v Gloss, supra, and State ex McNamara v Campbell, 94 Oh St 403.

The latter case held that the amendment could not be held to be effective later than the time fixed in the constitution, unless the effective date of the proposed amendment is also submitted to the electors of the state, and adopted by a majority of those voting on the amendment.

The proposed amendment to the charter, as mailed to the voters before election, provided as follows:

"* * * and if such amendments are approved by a majority of electors voting upon them then they shall become a part of the charter of the city of Akron effective from the time of its approval by the electors of the city at the election provided herein and the announcement of the official canvass of such election." (Emphasis mine).

Did the foregoing language fix the time when the amendment should become a part of the charter? If not, then under the charter itself (§136) it would become a part of the charter when the results of the official canvass of such election are announced. (That is, November 9th or 10th).

Why did the city council insert the words "then they shall become a part of the charter of the city * * * from the time of its approval by the electors of the city at the election provided herein" as part of the amendment to be voted upon, and then tack on in substance the provision from the charter itself, towit, "and the announcement of the official canvass of such election?"

It will be observed that the official ballot form, upon which the electors voted for or against the issue in question, contained no provision whatever as to the effective date. The official ballot form was not formally offered in evidence, but the court may and does take judicial notice of same, and it will be considered as court's Exhibit No 1.

The time not being specified on the ballot, it can be assumed that council, in passing the ordinance which was referred to the electors, at least did not intend to extend the effective date beyond the time fixed in the charter (State ex rel. McNamara v Campbell, supra), which, where no time is specified, would, if the language of the charter is literally and strictly interpreted, be "when the results of the official canvass of such election are announced"

But council, in the ordinance referred, also specifically inserted "then they shall become a part of the charter of the city of Akron effective from the time of its approval by the electors * * * at the election provided herein," etc.

The interpretation of this language as a whole is a question for the court.

Numerous Ohio authorities have referred to a city charter under the Home Rule provision of our state constitution as the constitution of the city. It is the paramount law of the city, and must be interpreted in the light of the provisions of our state and federal constitutions. State

statutes, generally, have no application to a Home Rule city.

In 8 O. Jur., **Constitutional Law**, §19, under the heading "Initiation by Legislature—When Amendments Effective," we find the following (referring to the Ohio constitution):

"* * * Such an amendment, then, by the express terms of the Ohio Constitution, becomes operative as a part of the Constitution when a majority of the electors voting on the same shall adopt it. * * * There is nothing in the Constitution postponing the operation of an amendment, and it cannot be postponed unless the proposition to postpone is submitted to the electors and is adopted by a majority of those voting thereon." (Citing State ex rel. McNamara v Campbell, **supra**).

Again in 8 O. Jur., **Constitutional Law**, §56, under the heading "Amendments—Applicability of Rules of Construction to Amendments," we find:

"* * *that in the consideration of an amendment to the Constitution, it is the sole duty of the court to ascertain and give effect to the object of the people in adopting it. Rules which are purely technical should not be permitted to thwart the attainment of that object. The courts are under the duty to consider the old law, the mischief, and the remedy, and interpret the Constitution broadly to accomplish the manifest purpose of the amendment." (Emphasis mine). (See Ohio cases there cited).

Counsel for the city have cited various authorities from other states to the effect that the amendment of a constitution does not become effective until the official canvass is made, certified, etc.

The court has read and studied these cases, and it is apparent that in each case the legislature was authorized by the constitution to provide when an amendment became effective, i. e., "The manner in which it shall be made to appear that the proposed amendment has been ratified by the people is thus left to be provided by law." City of Duluth v Duluth St. Ry. Co., 60 Minn. 178.

The means of providing its effective date in the foregoing Minnesota case, to wit, the statute, is fully set forth in the case (also cited by defendants) of State v Kyle, 166 Mo. 287, where likewise the law provided when an amendment, if approved, should take effect.

It is interesting to note that the Missouri case, State v Kyle, **supra**, sets forth the general rule to be that the amendment takes effect immediately upon the vote of the people in accordance with the Ohio rule (State, ex rel. McNamara v Campbell, **supra**,) and the Federal rule (Dillon v Gloss, **supra**).

Applying, then, the rules of interpretation as outlined in §56 of **Constitutional Law in 8 O. Jur., supra**, it is the duty of this court to ascertain and give effect to the object of the people adopting the amendment. Rules which are purely technical should not be permitted to thwart the vote of the people even in the slightest degree. The court will presume that the people were dissatisfied with the charter provisions concerning civil service; that they wanted a change; that they wanted the change they voted for; and that they wanted it at the earliest possible time stated in the referred ordinance or amendment to wit, "effective from the time of its approval by the electors of the city at the election provided herein." The words following— to wit, "and the announcement of the official canvass of such election"—are, as far as the present situation is concerned, of no effect to defer the effective date or time of the amendment. The most favorable interpretation that could be indulged for the defendants is that the amendment became effective when the people had actually voted, providing the official canvass, when completed, showed the amendment to have carried. After all the official canvass, when completed, is merely the record proof of the actual result. The actual result is the voice of the people who voted for the desired change.

It is true that if council had fixed the effective date as, let us say, November 25, 1937, that fixed time would govern. But where it is at most ambiguous, and provides in part that the amendment is to be effective "from the time of its approval by the electors," etc., the court should give it effect as soon as possible. In any event, if you should say it was effective at the time the vote closed, and at the time of the official canvass, then there would be a period, at least between the unofficial announcement and the official canvass announcement, when not even the legislative branch could thwart the real intent and purpose of the amendment by passing an ordinance in the interim. The people had spoken— they knew the answer before midnight of election day, or early the day following— they had changed their city constitution.

The court therefore finds for the plaintiff, and that plaintiff is entitled to an alternative writ of mandamus ordering defendants to comply with the prayer and relief prayed for, or show cause why the same should not be made permanent.