Application of the OKLAHOMA INDUSTRIAL FINANCE AUTHORITY for the Approval of the Issuance of State of Oklahoma Industrial Finance Bonds.

No. 39551.

Supreme Court of Oklahoma.
March 21, 1961.

George J. Fagin, L. D. Melton, Oklahoma City, for applicant.

## JOHNSON, Justice.

This is an original proceeding instituted in this court by the Oklahoma Industrial Finance Authority for the approval of the issuance by said Authority of Oklahoma Industrial Finance bonds under the provisions of House Bill 794 enacted by the 27th Legislature of the State of Oklahoma.

The application was filed pursuant to and is presented to this court after giving the notice provided for in said Act. Transcript of the proceedings of the Authority and supporting documents are filed with the application. No protest or opposition has been filed or made.

Section 34, Article X of the Constitution was created by amendment adopted July 26, 1960. Such section reads as follows:

"Section 34. The Legislature of the State of Oklahoma is hereby authorized to enact legislation creating a State Industrial Finance Authority, to be composed of the State Treasurer (who shall be an ex officio, non-voting member) and seven members, appointed by the Governor for overlapping terms, one of whom shall be the Director of the State Department of Commerce and Industry representing the State at large, and one each from the present six Congressional Districts, at least five of whom shall have had at least fifteen (15) years experience in banking, mortgage loans, or financial management, and the remaining member shall have demonstrated outstanding ability in business or industry, which Authority shall be, and is hereby, authorized to issue and sell State Industrial Finance Bonds in such amounts as shall be needed from time to time for the purposes herein provided, not to exceed in the aggregate Ten Million Dollars ($10,-000,000.00) outstanding at any one time, said bonds to be payable in full within thirty (30) years from their date, the proceeds whereof shall be deposited in the State Treasury in a fund known as a State Industrial Revolving Loan Fund to be loaned, and reloaned, by said Authority only to Oklahoma incorporated industrial development agencies (whether profit or non-profit) in Oklahoma communities, which agencies shall first have been approved and qualified by said Authority such loans to be secured either by first or second mortgage on the land, buildings and facilities of such industrial properties, whether existing or to be constructed, held for sale or lease to approved responsible industrial firms on such terms as will amortize such loans within a period of twenty-five (25) years or less, but in no event shall the state's participation exceed twenty-five percent (25%) of the total cost or value of such industrial properties. All bonds representing the state indebtedness herein authorized to be created by the State Industrial Development Authority shall be backed by the full faith and credit of the State of Oklahoma, and there shall be pledged to the payment of principal and interest of the bonds herein authorized to be issued: (1) The net proceeds from repayment of loans and interest received thereon; (2) any moneys available from other funds of the State not otherwise obligated; and (3) the proceeds of any tax, other than ad valor-

em, which may be imposed for such purpose in the event funds available for use and pledge under (1) and (2) should be insufficient. The legislature shall enact appropriate and needful legislation pertaining to procedure, terms and necessary covenants for issuance of the bonds herein authorized and establishing such safeguards and regulations governing the lending of such funds as in its wisdom may be necessary to the vitalization of this Section, and helpful in carrying out the purpose and intent hereof; to aid and assist with Oklahoma's industrial development. Provided further, that after three years from date of enactment of this Act, the Oklahoma Legislature may enact legislation raising the amount not to exceed Twenty Million Dollars ($20,000,-000.00) as provided in this Act."

House Bill No. 794 was enacted by the Twenty-Seventh Legislature of Oklahoma and approved on July 15, 1959, in anticipation of the adoption of the constitutional amendment and made effective on the 30th day thereafter. Laws 1959, p. 499. The title of the Act reads as follows:

"An Act vitalizing a Constitutional Amendment authorizing enactment of a plan for State financial assistance to Oklahoma communities to facilitate the State's industrial development; vitalizing H.J.R. No. 513 of the Twenty-Seventh Oklahoma Legislature, and declaring public policy; defining terms; creating the Oklahoma Industrial Finance Authority as a body corporate and politic and governmental instrumentality of the State; providing for appointment of a board of directors and the qualifications, terms of office, and per diem compensation thereof; prescribing general powers of the Authority; authorizing said Authority to create State indebtedness and empowering said Authority to issue and sell State Industrial Finance Bonds, as needed for the purposes of the Act, but limited to not more than Ten Million Dollars ($10,000,000.00) outstanding obligations at any one time, and setting forth the terms, procedures, conditions and covenants relating thereto; making such bonds full faith and credit obligations of the State of Oklahoma and pledging certain revenues for payment of interest and principal thereof; providing for issuance of refunding bonds if necessary; authorizing the Authority to file application with the Supreme Court of Oklahoma for approval of said bonds and giving said court original jurisdiction to determine their validity, giving such application precedence; prescribing loan application requirements and authorizing the board of directors to grant loans on approved applications limited to not more than Five Hundred Thousand Dollars ($500,000.00) each; creating the Industrial Development Loan Fund as a special account in the State Treasury and providing for the crediting of moneys thereto and requisitions therefrom; defining powers of the board of directors of said Authority; defining the relationship of said Authority to the State Department of Commerce and Industry and for co-ordination therewith; limiting authority of board members to contract with said Authority; providing for co-operation with Federal agencies; providing for auditing of the Authority's accounts and records; making provisions of the Act severable; and prescribing the effective date thereof."

We are first asked to determine whether there is any constitutional inhibition which might be urged against H.B. 794 inasmuch as it was enacted at the same legislative session which submitted to the people a vote on the adoption of said constitutional amendment.

A review of the decisions reveals that the great weight of authority sustains the validity of such an enactment. From the many opinions touching upon the question, we cite but one for analysis. In a case of In re Opinions of the Justices, 227 Ala. 291,

149 So. 776, 777, it appears that in April, 1933, the Alabama Legislature submitted to a vote of the people an income tax amendment to the Alabama Constitution. This amendment was approved and became effective August 7, 1933. Gen.Acts Ala.Ex. Sess. 1933, p. 116. At the same session of the legislature, in April, 1933, prior to the approval of the amendment, an enabling act was passed and was approved by the governor on April 17, 1933. Gen.Acts Ala.Ex. Sess.1933, p. 150. This act provided that it should "become effective when an amendment to the Constitution authorizing the tax herein provided for has been adopted."

In passing upon the validity of this enabling legislation, the Supreme Court of Alabama said:

> "It is not intended that a Constitution must provide the details for its operation. While it may of course be self-operating, it is primarily intended as a limitation on the power to legislate, otherwise unrestricted and not itself be a legislative body. The Legislature is set up for that purpose. In Alabama it convenes once in four years, unless specially called. It seems to us to be entirely consistent with its powers of legislation, unrestricted except by the Constitution, to enact regulatory and enabling provisions to become effective when an amendment to the Constitution shall remove existing restrictions and in anticipation of such an amendment."

We do not think it necessary to set out the facts and holdings in the numerous cases sustaining the above position. Representing the above view, the weight of authority are the following: Neisel v. Moran, 80 Fla. 98, 85 So. 346; Busch v. Turner, 26 Cal.2d 817, 161 P.2d 456; State v. Rathie, 101 Or. 339, 199 P. 169, 200 P. 790; Alabam's Freight Co. v. Hunt, 29 Ariz. 419, 242 P. 658; Coguenham v. Avoca Dr. Dist, 130 La. 323, 57 So. 989; State ex rel. State Bldg. Commission v. Smith, 335 Mo. 840, 74 S.W.2d 27; Druggan v. Anderson, 269 U.S. 36, 46 S.Ct. 14, 70 L.Ed. 151.

We therefore hold that there is no constitutional inhibition forbidding the enactment of an enabling act to become effective at a future date when and if a proposed constitutional amendment is adopted.

In answer to the second query addressed to this court, we have examined the resolution authorizing the issuance of Oklahoma Industrial Finance Bonds, pursuant to the provisions of Section 34, Article X, Constitution of Oklahoma, and pursuant to the provisions of House Bill No. 794, enacted by the Twenty-Seventh Legislature of the State of Oklahoma, implementing such constitutional provision. We find such resolution and all the provisions thereof to be in accordance with such constitutional section and the act implementing same. We hold that the issuance of the bonds authorized by such resolution to be legal in all respects and that the bonds so issued will be valid obligations of the State of Oklahoma.

WILLIAMS, C. J., BLACKBIRD, V. C. J., and HALLEY, JACKSON, IRWIN and BERRY, JJ., concur.