## SECURITIES AND EXCHANGE COMMISSION v. JONES et al.

District Court, S. D. New York.

June 1, 1936.

John J. Burns, of Washington, D. C. (John L. Flynn and Francis Currie, both of Washington, D. C., of counsel), for plaintiff.

Hyman I. Fischbach, of New York City, and Harry O. Glasser, of Enid, Okl., for defendants.

PATTERSON, District Judge.

The Securities and Exchange Commission brought suit against Jones on February 4, 1935, asking that he be enjoined from violating the Securities Act of 1933, see 15 U.S.C.A. § 77a, et seq. The present motion is by Jones to vacate a preliminary injunction granted on consent, to compel the return of books and records taken from him, and to dismiss the suit. This suit and the matters now raised have no connection with the proceeding by the commission against Jones decided by the Supreme Court April 6, 1936, 298 U.S. 1, 56 S.Ct. 654, 80 L.Ed. ——. By order of the commission of December 21, 1934, an officer of the commission was appointed to take evidence and make report as to whether Jones was engaged in practices violative of the Securities Act of 1933 in the distribution of oil royalty trust certificates. Jones was served with a subpœna duces tecum, directing production of certain papers. In lieu of compliance with the subpœna, a written stipulation was entered into between the attorneys for the commission and for Jones, whereby such of Jones' papers as might be requested by representatives of the commission were to be examined at his office with the same effect as if produced in response to the subpœna, Jones to have the right to claim privilege as to any particular paper asked for. A group of accountants for the commission then went to Jones' office, requested records, and were given them. The accountants took some of the records to the commission's offices. Whether the removal of the records was with Jones' consent at the time is a disput-

322

ed matter. At a later hearing Jones, after registering a protest, said that since the commission already had the records, he had no objection to the use of them. In the course of the hearings, the papers so taken were offered in evidence, without objection on Jones' part. The original papers taken were later returned, copies being retained by the commission.

At the conclusion of the hearings, the commission brought suit in equity against Jones in this court. The bill alleged that Jones, in offering for sale oil royalty trust certificates by use of the mails, was indulging in fraudulent practices, that his conduct was in violation of the Securities Act of 1933. An injunction against continuance of such practices was asked for. With the filing of the bill, the commission obtained an order to show cause why an injunction pendente lite should not issue. On the return day Jones consented to the issuance of injunction pendente lite. The injunction, issued February 8, 1935, was in broad terms, restraining the defendants from using the mails or means of interstate commerce to sell certificates in violation of the 1933 act. So the matter stood until the present motion was made. The suit has not yet been tried.

■ The motion has several branches. The first is the attack on the preliminary injunction. It is idle to argue that the injunction issued was beyond the jurisdiction of the District Court. The 1933 act, in section 20 (b), 15 U.S.C.A. § 77t (b), empowers the court on proper showing to grant permanent or temporary injunctions. The argument that the restraint imposed is too indefinite or too broad is also vain, in view of the consent given. Swift & Co. v. United States, 276 U.S. 311, 48 S.Ct. 311, 72 L. Ed. 587.

■ The second branch of the motion is for return of the papers taken. The original papers having already been restored, the motion must be taken as aimed at the copies still in possession of the commission. Here again the consent of Jones is a bar to relief. With the papers already in the commission's possession, Jones went on record to say that he had no objection. The propriety of the initial taking is therefore a moot matter.

■ The third branch is for dismissal of the bill. Several points are relied on. It is said that the bill is insufficient on its face, in that it does not state that the plaintiff has no adequate remedy at law. The 1933 act provides, in section 20 (b), 15 U.S.C.A. § 77t (b), that whenever it shall appear that any person is engaged or about to engage in any acts constituting a violation of the act, the commission may bring suit to enjoin such acts. This enactment is explicit authority for maintenance of a suit in equity for injunction, and an allegation of inadequacy of legal remedy is unnecessary. It is further said that the 1933 act is unconstitutional. But it was ruled constitutional by the Circuit Court of Appeals of this circuit in Jones v. Securities and Exchange Commission, 79 F.(2d) 617, and the Supreme Court in reversing the result did not reverse that ruling, 298 U.S. 1, 56 S. Ct. 654, 80 L.Ed. ——. See, also, Securities & Exchange Commission v. Torr, 15 F. Supp. 315, decided here April 10, 1936.

■ It is finally urged that Jones was not fully informed of the nature of the inquiry against him by the commission, that the inquiry was therefore an infringement of his constitutional rights. From these premises, it is maintained that the suit, an outgrowth of the inquiry, must be dismissed. It is possible that the officer who conducted the inquiry did not go into sufficient detail in advising Jones as to the nature of the proceeding. Jones, on the other hand, went along with the commission at this point and made it plain that he courted inquiry all along the line. But these things are of no moment now. It is fantastic to say that because this suit was preceded by an investigation termed unlawful, the suit itself must be thrown out of court.

The motion will be denied in all respects.