FLEMING, Administrator of the Wage and Hour Division, United States Department of Labor, v. SALEM BOX CO.

SAME v. SHELTON.

Nos. 460, 461.

District Court, D. Oregon.

Oct. 28, 1940.

George A. McNulty and Irving J. Levy, both of Washington, D. C., Dorothy M. Williams, of San Francisco, Cal., Alvin F. Horowitz, of Los Angeles, Cal., and Thomas H. Tongue, of Seattle, Wash., for plaintiff Philip B. Fleming.

Henry L. Hess, of La Grande, Or., for defendant Burt Shelton.

Rhoten & Rhoten, of Salem, Or., for defendant Salem Box Co.

JAMES ALGER FEE, District Judge.

These suits were brought by the Administrator of the Wage and Hour Division to enjoin defendants from violating the provisions of the Fair Labor Standards Act of 1938, 29 U.S.C.A. § 201 et seq. In each case the defendant, by written stipulation, consented to the entry of judgment and approved the form thereof.

The court, since jurisdiction must be founded, irrespective of consent, raised three questions.

(a) By the reference in Sec. 17 of the Fair Labor Standards Act[1] to section 20[2] of the act of October 15, 1914, were general provisions relating to other matters besides notice to the opposite party incorporated?

(b) Specifically, by this reference was the United States required to allege irreparable injury before jurisdiction was acquired by the court?

(c) In any event, should the court issue an order whereby defendant was enjoined from any and all violations of the provisions of the act?

A memorandum of authority has been filed by plaintiff in response to these questions.

Section 20 of the Anti-trust Act[3] contains no specific reference to notice to the opposite party although it does contain jurisdictional requirements in cases involving or growing out of disputes concerning terms or conditions of employment. However, Section 17 of that statute[4] does directly relate to notice to another party in litigation. The explanation contained in Section 17 of the Fair Labor Standards Act of 1938 together with the subsequent inclusion of the parenthesis "(U.S.C. 1934 edition, Title 28, Sec. 381)" therefore renders this proviso ambiguous when joined to a reference to Section 20 of the former enactment.[5] Resort to the legislative history is necessary therefore to clarify the situation.

The legislative history of the Fair Labor Standards Act indicates that the Senate passed a bill which did not contain a reference to Section 20 of the Anti-trust Act[6] which was thereafter referred to the House Committee on Labor.[7] This Committee reported for consideration of the House a substantially different bill which contained language exactly corresponding to that contained in the section here under consideration, except that the reference is to "Section 17" of the Anti-trust Act.[8] In this form, the bill passed the House[9] and went to a conference committee of House and Senate. The summary of the bill reported out by the conference committee indicates that there was no intention of changing the text of the House Bill in this particular.[10] However, the text of the bill reported out substituted the figures "20" for "17" in the reference to the section of the Anti-trust Act. In this form the bill became law.

Since the parenthesis (relating to notice to opposite party) was retained it is certain a mistake was made in the substitution of the figures and that the intention was to refer to Section 17 of the Anti-Trust Act. A palpable clerical error clearly shown should not override legislative intention.

Inasmuch as the statute does not, properly construed, refer to Section 20 of the Anti-Trust Act, the provision therein contained requiring a plaintiff to show irreparable injury, this requirement can not be grafted onto the Fair Labor Standards Act. The Congress have power to permit injunctions to be issued without the showing ordinarily required by equity tribunals. Indeed, this is true generally where an agency of the government is given the

[1] "The district courts of the United States and the United States courts of the Territories and possessions shall have jurisdiction, for cause shown, and subject to the provisions of section 20 (relating to notice to opposite party) of the Act entitled 'An Act to supplement existing laws against unlawful restraints and monopolies, and for other purposes', approved October 15, 1914, as amended (U.S.C., 1934 edition, title 28, sec. 381), to restrain violations of section 215. June 25, 1938, c. 676, § 17, 52 Stat. 1069." 29 U.S.C.A. § 217.

[2] 29 U.S.C.A. § 52

[3] 29 U.S.C.A. § 52

[4] 28 U.S.C.A. § 381. "No preliminary injunction shall be issued without notice to the opposite party.

"No temporary restraining order shall be granted without notice to the opposite party unless it shall clearly appear from specific facts shown by affidavit or by the verified bill that immediate and irreparable injury, loss, or damage will result to the applicant before notice can be served and a hearing had thereon."

[5] The codifiers apparently believed an erroneous reference had been made in the text of the act.

[6] Cong. Record, V. 81, p. 7957, 75 Congress, 1st Session.

[7] Cong. Record, V. 81, p. 8063, 75 Congress, 1st Session.

[8] Sec. 15 of H.R. 2738, Cong. Record, V. 83, p. 5680, 75th Congress, 1st Session.

[9] Cong. Record, V. 83, p. 7450, 75 Congress, 3rd Session.

[10] House Report 2738, p. 33, Cong. Record, V. 83, p. 9255, 75th Congress, 3rd Session.

right to apply for injunction in the public interest.[11]

■ The plaintiff has consented to have stricken from the decree, language purporting to enjoin defendant from violation of any and all provisions of the act. This action is proper. A court should enjoin only specific acts or types of acts with the particularity required in an indictment. Otherwise it can not be ascertained except by construction of the law whether the defendant be guilty of contempt. This rule should be applied whether there be consent or no.

The decree will issue in accordance with this opinion.

---

[11] See American Fruit Growers, Inc. v. United States, 9 Cir., 105 F.2d 722; Securities & Exchange Commission v. Torr, 2 Cir., 87 F.2d 446.